# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEAN BALDING BAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02812-TLP-dkv |
| v. ) | |
| ) | |
| SELECT PORTFOLIO SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint for improper venue and for failing to state a claim upon which relief can be granted. (ECF No. 7.) Plaintiff did not respond to the Motion and the time to respond has passed. For the reasons stated below, the Court finds the Motion to Dismiss is well founded and therefore GRANTED.

## BACKGROUND

This lawsuit began in the Chancery Court of Shelby County, Tennessee, with claims for breach of contract, violation of deed of trust, and for the wrongful retention of certain foreclosure-sale funds. (ECF No. 1-2.) Plaintiff alleges that Defendant was the "owner/and (sic) or servicer on a loan and contract for the real property which involved the collection and payment of a mortgage." (*Id*.) Plaintiff also claims that Defendant held a foreclosure sale on the Property in February 2015, obtaining $269,084.72 from the sale. (*Id*. at PageID 9.) It is this sale and the profits obtained from it that form the crux of Plaintiff's complaint. He first argues that there was a surplus of "at least $130,000" from the Property's sale. As a result, Plaintiff

claims that Defendant breached its contract in the Deed of Trust, on the mortgage, and breached its legal and ethical duty to disclose the existence of surplus funds. (ECF No. 1-2 at PageID 9.)

Interestingly, the real property here is not in Shelby County or this judicial district. It is in Franklin, Williamson County, Tennessee (the "Property"). (*Id*. at PageID 8.) Of note, Plaintiff does not allege why venue is proper in Shelby County, Tennessee.

Defendant removed the matter to this Court under 28 U.S.C. §§ 1441(b) and 1446. The Court possesses subject matter jurisdiction under 28 U.S.C. § 1332(a). (*See* ECF No. 1 at PageID 2.) After removal, Defendant moved for dismissal of the complaint arguing that it should be dismissed for improper venue and for failing to state any claim for relief. (ECF No. 7.) Plaintiff filed no response to the Motion and the time to respond has elapsed. The Motion is now ripe.

## **LEGAL STANDARDS**

### I. Venue

The removal statute, 28 U.S.C. § 1441(a), governs venue in cases removed to federal court. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)). "[T]he removal statute and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases." *PT United Can Co. Ltd. V. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998) (citing *Polizzi*, 345 U.S. at 665–66); *see also Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply."). The removal statute states that venue is proper in "the district [court] and division embracing the place" where the state court action is pending. 28 U.S.C. § 1441(a).

"Thus, a party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought, but one may not challenge venue in the district court as of right, according to that district court's venue rules, as if the case had originally been brought there."[1] *Id*. (citing *Polizzi*, 345 U.S. at 665–66). Put differently, "once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds." *Hollis*, 259 F.3d at 1299 (citing *Polizzi*, 345 U.S. at 665). The determination of whether venue is proper in a removed cases thus rests only on the requirements of § 1441.

## II. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

To analyze a motion to dismiss a complaint, the Court begins with the pleading requirements in Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In practice, Rule 8 requires that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent

---

[1] That said, the party may still request a transfer to a more convenient forum under 28 U.S.C. § 1404(a).

with the allegations.'" *Herhold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). "Dismissal of the action is proper if there is an absence of law to support the type of claim made, if the facts alleged are insufficient to state a valid claim, or if, on the face of the complaint, there is an insurmountable bar to relief." *Doe v. Ohio*, No. 2:91-CV-464, 2012 WL 12985973, at *5 (S.D. Ohio Feb. 16, 2012) (citations omitted).

## ANALYSIS

Defendant moves to dismiss the complaint because (1) venue is improper and (2) the complaint fails to state a claim upon which relief can be granted. (ECF No. 7.) Plaintiff did not respond and the time to do so has passed.

**I.     Improper Venue**

Defendant first argues that the case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) because this district is not the correct venue under 28 U.S.C. § 1391. (ECF No. 7-1 at PageID 26.) The case concerns the alleged breach of a contract on real property in Franklin, Williamson County, Tennessee. (ECF No. 1-2 at PageID 8.) And according to Defendant, "[t]here is no evidence or specific allegation that a substantial portion of the relevant events giving rise to this action occurred in Shelby County, where it was originally filed, or in the Western District of Tennessee." (ECF No. 7-1 at PageID 27.)

Had this case originally been filed in this Court, Defendant's argument may have had merit. But the case was not originally filed here. Instead, Defendant removed this case from state court to this Court under 28 U.S.C. §§ 1441(b) and 1446. Section 1441(a) governs venue under these circumstances, not § 1391. And § 1441(a) states that venue is proper in the district court embracing the state court where the action is pending. Because this case began in the state

court in Shelby County, Tennessee, the district court embracing that state court is the United States District Court for the Western District of Tennessee. Venue here therefore is proper.

## II. Failure to State a Claim

### A. The Complaint fails to state a claim for breach of the Deed of Trust or other contract.

Plaintiff first alleges that Defendant breached the Deed of Trust covering the Property when Defendant held a foreclosure sale on the Property and retained the surplus funds. (ECF No. 1-2 at PageID 9.) Plaintiff further asserts that this act also violated the promissory note and loan covering the Property. (*Id*.) In response, Defendant argues these allegations fail to state a claim for breach of contract. (ECF No. 7-1 at PageID 29.)

What does Tennessee law require a plaintiff to prove to state a claim for breach of contract? A plaintiff alleging breach of contract under Tennessee law must prove: (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach of the contract. *Life Care Centers of America Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996); *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006).

Here Plaintiff has not attached the alleged Deed of Trust to his complaint. Nor has he adequately described it to allege sufficiently that it exists. And Plaintiff has not referred to any contractual provision that Defendant allegedly breached. *See Brooks v. Wells Fargo Bank, N.A.*, No. 3:12-0821, 2014 WL 345737, at *3 (M.D. Tenn. Jan. 30, 2014) (dismissing the breach of contract claim because, in addition to other reasons, the plaintiff did not attached the alleged contract nor refer to the provision contained within it). In the end, Plaintiff makes a conclusory allegation that there is a contract—Deed of trust, mortgage contract, and promissory note—and that Defendant breached some provision of that contract. Conclusory allegations, unsupported

5

by factual assertions do not result in a plausible claim for relief. Plaintiff has thus failed to establish the existence of a contract or the breach of same. As a result, Plaintiff's breach of contract claim is dismissed.

### B. The Complaint fails to state a claim for breach of duty.

Plaintiff also alleges that Defendant "breached its legal, moral, and ethical duty to disclose the existence of the surplus funds." (ECF No. 1-2 at PageID 9.) Defendant treats this claim as one sounding in negligence.[2] (ECF No. 7-1 at PageID 30.) The Court disagrees with Defendant's characterization of Plaintiff's claim. In any event, Defendant is correct that Plaintiff has failed to plausibly allege that Defendant owed him a duty of any type.

Tennessee recognizes the common-law duty of "good faith [and fair dealing] in the performance of contracts." *Cadence Bank, N.A. v. The Alpha Trust*, 473 S.W.3d 756, 769 (Tenn. Ct. App. 2015) (quoting *Dick Broad. Co. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 660 (Tenn. 2013)). This includes mortgage contracts. *See Cadence Bank*, 473 S.W.3d at 773. The duty of good faith and fair dealing is not a fiduciary duty requiring the mortgagee to act in the best interest of the mortgagor. Instead, the duty owed is limited by the "terms of the contract and the reasonable expectation of the parties under the contract." *Id*. at 770 (citing *Wallace v. Nat'l Bank of Commerce*, 938 S.W.2d 684, 686 (Tenn. 1996)). A claim asserting the breach of the implied duty of good faith is just another method of asserting a breach of contract claim. *Id*. at 773 (quoting *Jones v. LeMoyne-Owen College*, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009)). So a plaintiff must establish the terms of the contract or the expectations of the parties to the contract to state a claim for relief under this theory.

---

[2] "While a claim for negligence is not specifically stated in the complaint, Plaintiff alleges that [Defendant] breached a duty towards Plaintiff. A breach of duty constitutes a negligence claim." (ECF No. 7-1 at PageID 30.)

As stated above, Plaintiff has only made conclusory allegations that the parties had a contract and that Defendant breached the contract. The complaint thus fails to state a claim because it does not establish the terms of the contract or the parties' intentions surrounding the alleged agreements. The Complaint, therefore, fails to state a claim for breach of duty.

C.    **Plaintiff fails to state a claim for unjust enrichment.**

Plaintiff's final claim is that Defendant was unjustly enriched when it retained the surplus funds from the foreclosure sale. (ECF No. 1-2 at PageID 9.) The allegations state that the Property sold for $269,084.72 at the foreclosure sale. (*Id.*) Plaintiff alleges that this sale resulted in surplus funds of around $130,000.00. (*Id.*) Defendant retained these funds rather than turn them over to Plaintiff as allegedly required. (*Id.*)

A claim for unjust enrichment is a form of the quasi-contract theory of recovery. *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524–25 (Tenn. 2005). A plaintiff seeking recovery under an unjust enrichment claim must establish: (1) that the plaintiff conferred a benefit on the defendant; (2) that the defendant appreciated the benefit; and (3) that the defendant accepted the benefit under circumstances making it unjust for the defendant to not compensate the plaintiff for the benefit. *Id*. at 525.

Plaintiff's complaint alleges that a contract existed between the parties concerning the property. (*See* ECF No. 1-2 at PageID 8.) This would typically eliminate unjust enrichment as a basis for recovery. Even so, a plaintiff may claim alternative or inconsistent grounds for recovery. *See* Fed. R. Civ. P. 8(d)(2)–(3). At any rate, the Complaint here has no factual allegations supporting a benefit conferred on Defendant by Plaintiff. For example, Plaintiff does not state the amount of the loan allegedly made from Defendant to Plaintiff or the amount of payments made by Plaintiff on the loan. And Plaintiff does not plausibly allege any reason why

Defendant should turn over the surplus funds.  Plaintiff simply states that there were surplus funds of $130,000, he does not state how that number was calculated.  In essence, he only makes a conclusory allegation that a benefit was conferred on Defendant and that it is unjust for Defendant to retain those benefits without compensating Plaintiff.

Threadbare allegations alone do not state a claim for relief.  A plaintiff may no longer assert conclusory allegations, merely placing the defendant on notice of the claim alleged, to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.  Plaintiff here failed to plead any factual allegations plausibly establishing the existence of surplus funds or that Defendant should pay any surplus funds to Plaintiff.  This absence of factual allegations means that Plaintiff's claim for unjust enrichment must fail.

## **CONCLUSION**

For these reasons, Defendant's Motion to Dismiss is GRANTED.

**SO ORDERED**, this 18th day of April, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE